```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LOUISIANA HORSEMEN'S                           CIVIL ACTION
BENEVOLENT AND PROTECTIVE
ASSOCIATION 1993, ON BEHALF
OF ITS MEMBERS AND ITSELF

VERSUS                                         NO:10-949

CHURCHILL DOWNS LOUISIANA                      SECTION: "J" (2)
HORSERACING CO. LLC

### ORDER AND REASONS

Before the Court is Defendant's **Motion to Dismiss**. (Rec. D. 7). Upon review of the record, the memoranda of parties, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's **Motion to Dismiss** is **DENIED.**

**FACTUAL AND PROCEDURAL BACKGROUND:**

This matter was removed from Orleans Parish Civil District Court on March 23, 2010 by the Defendant Churchill Downs Louisiana Horseracing Co. LLC (hereafter "Churchill"). Plaintiff, Louisiana Horsemen's Benevolent and Protective Association 1993 (hereafter "Horsemen"), seeks an order requiring specific performance of Churchill's contractual obligations to them and damages.

Horsemen is a private, non-profit tax-exempt corporation that is statutorily authorized to represent the Horsemen for races which take place in Louisiana. La. Rev. Stat. §4:179.1. Plaintiff has an agreement with Churchill in which Churchill is required to provide Horsemen with a percentage of the revenues it acquires in its operation of the fair grounds in Louisiana.

Hurricane Katrina interrupted operations of the fair grounds and as a result Churchill allegedly received money from its insurance company for business interruption. Horsemen believes that it is entitled to some of the proceeds from this insurance settlement. Horsemen also alleges that it is entitled to inspect the insurance settlement that Churchill reached with its insurer.

**DISCUSSION:**

Defendant argues that Plaintiff has failed to state a cognizable claim and that Plaintiff is using this lawsuit as an attempt to "conduct discovery into [Churchill's] sensitive and very proprietary communications with its insurance carrier." Defendant further argues that Plaintiff cannot state a viable claim to the insurance proceeds since there are limited grounds upon which a third party can collect insurance proceeds.

According to Defendant, in order for Plaintiff to collect some of the insurance proceeds, a party must show that they are named under the policy, have a contractual relationship with the insurer, or are a third party beneficiary of the policy. <u>Weir v. Allstate Ins. Co.</u>, 2008 U.S. Dist. LEXIS 83551 (E.D. La. Oct. 20, 2008); <u>Stall v. State Farm Fire & Cas. Co.</u>, 995 So. 2d 670, 673 (La.App. 4 Cir. 2008). Defendant further argues that since Plaintiff cannot state a claim, they are not allowed to take discovery of Defendant's insurances documents.

Plaintiff argues that they are entitled to the requested

discovery. First Plaintiff asserts that it is entitled to a percentage of the revenues from Churchill pursuant to Louisiana statutes. See e.g. La. R. S. § 4:183 *et. seq*, § 27:301 *et. seq.* Since Plaintiff alleges that Defendant collected money for lost profits, Plaintiff believes that a portion of this money is due to it.

Furthermore, Plaintiff points out that the agreement between the parties requires that each party have access to "records maintained in the ordinary course of business as may be necessary to determine compliance with this Agreement." Thus, argues Plaintiff, any evidence of money from insurance proceeds to which Plaintiff might be entitled should be discoverable.

Plaintiff further argues that the cases cited by Defendant are inapplicable in the present circumstances and avers that it is entitled to discovery.

In reply, Defendant refutes Plaintiff's arguments. Specifically, Defendant argues that the cases upon which it relies are good law and apply in this case.

As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to

conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas</u>, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

The Court finds that the Defendant's use of <u>Weir</u> to conclude that Plaintiff has no entitlement to the insurance proceeds is misplaced. In <u>Weir</u>, the court held a third party could not make a claim against the insurer for proceeds except in limited circumstances. <u>Weir</u> makes no assessment about a third party making a claim to proceeds obtained by the insured. Similarly, Plaintiff in <u>Stall</u> did not seek recovery from the insured but rather the insurer. 995 So. 2d 670, 673 (La. App. 4 Cir. 2008). Furthermore, in <u>Stall</u> the Plaintiff did not have a contractual relationship with either of the parties. <u>Id.</u>

The Court finds that Plaintiff has stated a plausible claim to damages from Defendant.

**Accordingly,**

**IT IS ORDERED** that Defendant's **Motion to Dismiss** is **DENIED.**

New Orleans, Louisiana, this the 18th day of May 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE